BEFORE THE SECOND DIVISION, JULY 7, 1955

**No. 59212.**—Joseph M. Ziabicki *v.* United States, protest 224301–K (Milwaukee).

LAWRENCE, Judge: An importation of devices referred to in the record as "Addiators" was classified by the collector of customs as mathematical instruments, and duty was imposed thereon pursuant to the terms of paragraph 360 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 360), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (86 Treas. Dec. 121,

T. D. 52739) and Presidental proclamation (86 Treas. Dec. 337, T. D. 52820), at the rate of 30 per centum ad valorem.

The importer claims that the articles should be classified in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by said Torquay Protocol, *supra,* and Presidential proclamation (86 Treas. Dec. 265, T. D. 52763), as "Calculating machines specially constructed for multiplying and dividing," and subjected to duty at the rate of 12½ per centum ad valorem, or, alternatively, at 15 per centum ad valorem as "Other" machines, finished or unfinished, not specially provided for, within the purview of said paragraph 372, as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802).

The pertinent text of the competing provisions of the statutes is here set forth—
Paragraph 360 of the Tariff Act of 1930, as modified, *supra*:

Scientific and laboratory instruments, apparatus, utensils, appliances (including mathematical instruments, but not including surveying instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for:

\*  \*  \*  \*  \*  \*  \*

 Other (except laboratory instruments, apparatus, or appliances, for determining the strength of materials or articles in tension, compression, torsion, or shear; moisture testers; pyrometers; and parts of any of the foregoing) _____ 30% ad val.

Paragraph 372 of said act, as modified, *supra*:

Machines, finished or unfinished, not specially provided for:
 Calculating machines specially constructed for multiplying and dividing_____ 12½% ad val.

Paragraph 372, as modified by the General Agreement on Tariffs and Trade, *supra*:

Machines, finished or unfinished, not specially provided for:

\*  \*  \*  \*  \*  \*  \*

 Other (except wrapping and packaging machines; food grinding or cutting machines; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for making paper pulp or paper; machines for manufacturing chocolate or confectionery; and internal-combustion engines)_____ 15% ad val.

At the trial, Joseph M. Ziabicki, the importer, offered in evidence one of the subject Addiators, which was marked exhibit 1. He testified that, while other models were included in the importation, they all operate upon the same principle.

The instrument is manually operated, one portion of it being used for the purpose of addition and the other for subtraction. Ziabicki testified that, as an engineer, he was familiar with the science of mathematics and that addition and subtraction were mathematical operations. When asked by the court if the instrument would multiply and divide, the witness replied—

No; not directly. I mean you can multiply by repeated addition. For instance, you multiply 20 by 6, you add 6 times 20. There you have your multiplication.

There is no evidence in the record as to how division would be performed on an Addiator.

We shall consider first the alternative claim of the importer that an Addiator is a machine within the meaning of the statute. A judicial definition of what constitutes a machine in the tariff sense was expressed by our appellate court many years ago in *Simon, Buhler & Baumann (Inc.) v. United States,* 8 Ct. Cust. Appls. 273, T. D. 37537, which, with slight variations not important here, has been recognized and applied in numerous cases. The court there regarded a

machine as "a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion."

Also worthy of note is the case of *United States* v. *J. E. Bernard & Co., Inc.*, 30 C. C. P. A. (Customs) 213, C. A. D. 235, where, in holding that vertical field balances were machines within the provisions of paragraph 372, the court stated—

* * * In view of the kind of machines Congress specifically referred to in paragraph 372, and taking into cognizance the more applicable definitions found in the lexicographical authorities as applied to the term "machine" when referred to in a tariff sense, we think that for an importation to respond to that term it must be something more than a "crowbar," "a pair of pliers," or, as was said in the *Simon, Buhler* case, "a kitchen colander or a box of sand for clearing muddy water." It is our opinion that a machine such as Congress had in mind must have some movable parts, and it must do some of the things pointed out in the *Simon, Buhler* case. * * *

The testimony of Ziabicki, the only witness who appeared in this case, is meager and does not adequately describe the construction and the method of operation of the Addiators. However, a physical examination of exhibit 1 fails to disclose the presence of gears, levers, or other movable parts which utilize, apply, or modify energy or force, or transmit motion, as required by the *Simon, Buhler* and *Bernard* cases, *supra*, and as applied in other decisions which will be discussed *infra*.

We are guided here by the principles enunciated in the case of *United States* v. *Associated Mfg. Co.*, 30 C. C. P. A. (Customs) 236, C. A. D. 238, wherein our appellate court reversed the trial court and held that a child's tricycle was not a machine. In the course of its opinion, the following appears—

Of course the tricycles herein are mechanical contrivances. We do not think, however, it can be said that such mechanical contrivances utilize energy or force. They are merely moved, carrying their riders by means of the force exercised on the pedals which turn the front wheel one revolution to every revolution made by the pedals. Energy or force is applied to the tricycle, but is not utilized by it. A tricycle, in our opinion, is no more a machine than the hoisting apparatus of the old oaken bucket wherein the rope to which the bucket was appended was wound around a drum axle by the rotation of the angle-iron handle.

Further, the court stated—

It is clear that a tricycle does not apply force or energy; the force or energy used in its propulsion is applied to it. Neither does it modify force or energy for the reason that the foot power necessary to turn the front wheel is not changed or modified in any respect by the apparatus. A tricycle such as here involved is not a mechanical contrivance for the transmission of motion.

Upon the record before us, we are of the opinion that plaintiff has failed to establish his claim that the Addiators in controversy are machines, must less that they are "Calculating machines specially constructed for multiplying and dividing" within the meaning of paragraph 372, as modified, *supra*. Hence, plaintiff has not overcome the presumption of correctness attaching to the collector's decision.

We are constrained, therefore, to overrule the protest on all grounds.

Judgment will issue accordingly.